United States District Court<br>
for the<br>
Southern District of Florida

| | |
|---|---|
| United States of America, Plaintiff | ) ) ) |
| v. | ) Criminal Case No. 20-20001-CR-Scola ) |
| Michael Sequeira, Defendant. | ) |

### Order Granting Motion for Sentence Reduction

This matter is before the Court on Defendant Michael Sequeira's motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). (Mot., ECF No. 32.) The Government has responded, agreeing that Sequeira is eligible for reduction and that his sentence should be reduced in light of the Court's decision at sentencing to sentence him to the low end of the guidelines. (Resp., ECF No. 34.) Sequeira has not replied, and the time to do so has passed. After careful consideration of the parties' written submissions, the record, and the legal authorities, the Court **grants** the motion for reduction of sentence, in part, but **denies** Sequeira's request for the appointment of counsel **as moot**. (**ECF No. 32**.)

1. **Background**

On December 22, 2022, Sequeira pleaded guilty to one count of conspiracy to distribute a controlled substance and one count of conspiracy to commit money laundering. (ECF No. 22). In preparation for sentencing, the United States Probation Office prepared a pretrial services report ("PSI"). (ECF No. 28.) That report determined that Sequeira had a total offense level of 31, which included a two-level reduction for meeting safety valve criteria; a criminal history category of I, based on zero criminal history points; and an advisory guideline imprisonment range of 108 to 135 months. On February 6, 2023, during Sequeira's sentencing hearing, the Court sentenced Sequeira to 108 months imprisonment, the low end of the guideline range. This sentence was to run concurrent with Sequeira's sentence in District of South Dakota case number 19-cr-40115-KES. Sequeira is serving his sentence at Atwater USP. His projected release date is February 24, 2028.

Since Sequeira was sentenced, the United States Sentencing Commission issued a sentencing adjustment for certain zero-point offenders, which provides, in relevant part, for "a decrease of two levels from the offense level . . . for offenders who did not receive any criminal history points . . . and whose instant

offense did not involve specified aggravating factors" ("Amendment 821"). Sequeira now seeks retroactive application of Amendment 821 to the Court's judgment sentencing him to 108 months in prison and five years of supervised release.

### 2. Legal Standard

"[A] motion to modify an otherwise final judgment pursuant to § 3582(c)(2) is a limited and narrow exception to the rule that final judgments are not to be modified." *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003) (cleaned up). Specifically, § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction *is consistent with applicable policy statements issued by the Sentencing Commission.*

18 U.S.C. § 3582 (emphasis added). Thus, under § 3582(c)(2), the Court must undertake a two-step process to determine whether a final sentence should be modified based on a sentencing range that has been lowered by the Sentencing Commission.

First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guidelines range and whether a reduction is consistent with the applicable policy statements. Second, the Court must consider the § 3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence.

Among other things, the Sentencing Commission policy statement applicable here provides that a court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range[.]" U.S.S.G. § 1B1.10(b)(2)(A). In addition, although Amendment 821 went into effect on November 1, 2023, the policy statement "delays the effective date of orders reducing a defendant's term of imprisonment to a date no earlier than February 1, 2024." U.S.S.G. § 1B1.10 cmt. n. 7. In other words, if a defendant is scheduled for release before February 1, 2024, he is not entitled to relief under Amendment 821.

Finally, the § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to

criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

### 3. Analysis

### A. Sequeira is entitled to a sentence reduction.

As noted, the retroactive amendment that Sequeira invokes here is Amendment 821—the adjustment for certain zero-point offenders. *See* U.S.S.G. § 4C1.1. Pursuant to Amendment 821, a defendant is eligible for a two-level reduction in his offense level, if he meets all the following criteria:

> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
>
> (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);
>
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
>
> (4) the offense did not result in death or serious bodily injury;
>
> (5) the instant offense of conviction is not a sex offense;
>
> (6) the defendant did not personally cause substantial financial hardship;
>
> (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
>
> (8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);
>
> (9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and
>
> (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848[.]

*See id.*

Here, as the Government acknowledges, a review of Sequeira's case reveals he is indeed eligible for a sentence reduction pursuant to Amendment 821. Sequeira qualifies for the adjustment for zero-point offenders because he meets all the criteria set forth above. In addition, a reduction in Sequeira's sentence is consistent with the applicable policy statements.

Specifically, application of the two-level reduction in Sequeira's sentence results in offense level of 29, instead of 31, with a new guideline range of 87 to 108 months. Upon considering the § 3553(a) factors, the Court concludes that Sequeira is entitled to a reduction in his sentence, proportionate to his original sentence, at the low-end of his reduced guidelines. Where the Court initially imposed a sentence of 108 months, at the bottom of Sequeira's original guideline range of 108 to 135 months, the Court now reduces his sentence to 87 months. Since this sentence does not fall below the minimum of Sequeira's amended guideline range, it does not run afoul of the relevant policy statement. *See* U.S.S.G. § 1B1.10(b)(2)(A); *see also Dillon v. United States*, 560 U.S. 817, 826, 130 S. Ct. 2683, 2691 (2010) ("The court is also constrained by the Commission's statements dictating by what amount the sentence of a prisoner serving a term of imprisonment affected by the amendment may be reduced.") (cleaned up).

### B. Sequeira is not entitled to appointment of counsel.

Finally, the Court also determines that Sequeira is not entitled to appointment of counsel to pursue his motion for reduction of sentence. Courts have uniformly held that defendants do not have a statutory or constitutional right to counsel in these matters. *See United States v. Webb*, 565 F.3d 789, 794-95 (11th Cir. 2009) ("The notion of a statutory or constitutional right to counsel for § 3582(c)(2) motions has been rejected by all of our sister circuits that have addressed the issue, and we agree with this consensus."). Furthermore, in any event, it appears Sequeira continues to be represented by counsel of record. (Resp. at 1.)

### 4. Conclusion

Accordingly, based on the foregoing, the Court **grants in part and denies in part** Sequeira's motion (**ECF No. 32**). The Court reduces Sequeira's sentence to ***87 months*** in prison, with all other terms and conditions to remain in effect, including his five years of supervised release. At the same time, the Court denies

Sequeira's request for the appointment of counsel as moot.

**Done and ordered** in Miami, Florida on May 30, 2025.

_____
Robert N. Scola, Jr.
United States District Judge